WALTER M. ELSWICK, Judge.
This claim was submitted on the record by the state road commission under the shortened procedure prescribed by section 17 of chapter 20 of the acts of 1941. From the record it appears that Theodore Savage met his death while on duty as an employee of the state road commission on route No. 60, Huntington-Barboursville road. At the time he received his fatal injuries he was carrying a red flag and was standing at some point on the westbound traffic lane. A short time before, he was seen by the tractor driver facing east and waving the flag at a Chevrolet coupe which was approaching from the east. A tractor-grader was turning around in the road and had reached a position at about right angles to the center line and had all of the 20 foot concrete pavement blocked. There was room for westbound traffic to go around the rear of the grader on the earth shoulder which was approximately 10 feet wide at that point. The decedent was stationed at about 15 feet east of the grader. After flagging the Chevrolet coupe, he was seen by a driver of a road grader facing west with his back turned to the approaching coupe. The grader driver saw that the approaching coupe was approaching too rapidly and was then too close to Savage to stop. He shouted to Savage to stop, but it was then too late and the car struck him and then traveled the remaining 15 feet and crashed into the grader. Theodore Savage was killed instantly. He was thirty-five years of age at the time of his death.
The decedent left a widow, Mrs. Effie Savage, and two infant children under sixteen years of age. At the time he *90 sustained said fatal injuries the state road commission was not a subscriber to the workmen’s compensation fund. By-acts of the Legislature of 1937, general appropriations bill, an appropriation of $1370.00 was made as compensation to said widow and infant children for the then ensuing biennium. By acts of the Legislature of 1939 general appropriations bill, the sum of $960.00 was appropriated as compensation to said widow and infant children for the then ensuing biennium. By acts of the Legislature of 1941 general appropriations' bill the sum of $360.00 was appropriated as compensation to said infant children. The widow remarried in 1939, and reimbursed the accounting division of the state road commission in the sum of $720.00.
It appears from the record and said general appropriation acts of the Legislature that although the road commission was not contributing to the workmen’s compensation fund at the time of the injury causing death it was the intent and policy of the Legislature to provide for benefits by appropriations for the purpose to the widow and infant children of the deceased equivalent to those in effect as prescribed by chapter 23, article 4, section 10 (d) of the code, Miehie’s code section 2535, which reads as follows:
“(d) If the deceased employee leaves a dependent widow or invalid widower, the payment shall be thirty dollars per month until death or remarriage of such widow or widower, and in addition five dollars per month for each child under sixteen years of age, to be paid until such child reaches such age, or, if an invalid child to continue as long as such child remains an invalid: . . .”
The claim as submitted by the road commission is for compensation to said two infant children of the deceased employee, whose names are Charles Layman Savage and Lois Elaine Savage, at the rate of $5.00 per month for each child from January 1,1943 to December 31,1944, or a total of $240.00.
In view of the policy and intent shown by the Legislature in providing for compensation to dependents in such cases, *91 the recommendations of the department involved and the approval of the attorney general’s office, we recommend an award to said infant children in monthly payments of $5.00 to each, from January 1, 1943 to December 31, 1944, respectively.